Lewis Heck's Estate. Appeal of J. Lewis Heck and George W. Heck, Surviving Executors of Lewis Heck, Deceased.

*Will—Absolute gift of personalty—Cutting down gift.*

An absolute gift, especially of personalty, is not to be cut down by a later clause in the will unless the testator's intention to modify the gift is unequivocally expressed.

Testator in one clause of his will gave his daughter ten thousand dollars. A subsequent clause of the will was as follows: "It is my wish and desire that my said daughter shall consult fully and freely with her brothers in relation to the investment and management of the ten thousand dollars in money bequeathed by me to her; and further, that she shall not consume any part of the principal thereof, but preserve the same undiminished, and that at her death the said principal sum shall go to the persons entitled under this my will to the real estate herein devised to her for life." *Held,* that the daughter took an absolute interest in the legacy, and that the words of the later clause of the will were merely precatory.

Argued June 4, 1895. Appeal, No. 28, May T., 1895, by J. Lewis Heck and George W. Heck, Executors, from decree

of O. C. Dauphin Co., awarding citation commanding executors to pay over money. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for citation to compel executors to pay over ten thousand dollars to Marianna Heck Donaldson.

Lewis Heck died on the 26th day of August, 1890, having made his last will and testament in writing, which was afterwards duly admitted to probate. He left surviving him a widow, Caroline C. Heck, two sons, John Lewis Heck and George W. Heck, and a daughter, Marianna Heck, afterwards intermarried with George A. Donaldson. Letters testamentary were duly granted to the aforesaid Caroline C. Heck, John Lewis Heck and George W. Heck. Caroline C. Heck died in January, 1894.

All the other material facts appear by the opinion of McPHERSON, J., which was as follows:

" By the tenth clause of Dr. Heck's will he bequeathed to his daughter Marianna the sum of $10,000 absolutely. His language is as follows : ' Tenth. I give and bequeath unto my said daughter, Marianna Heck, the sum of ten thousand dollars ($10,000) in money, to be paid to her by my surviving executors or executor within one year after the decease of my said wife, should she survive me ; otherwise within one year after my decease. The sum of ten thousand dollars shall be raised by appropriating any money on hand or in bank, and the residue of said sum shall be raised by the sale of any of my real estate not hereinbefore disposed of beyond the lifetime of my aforesaid wife. And I hereby authorize, empower and direct my executors, hereinafter named, and the survivors and survivor of them, to sell and dispose of, by public or private sale or sales, any of such real estate which it may be necessary for them to sell or dispose of in order to carry into effect the provisions of this my last will and testament; and to make, execute and deliver all such proper deeds as are necessary to grant, convey and assure the same unto the purchaser or purchasers thereof in fee simple.'

" This bequest was evidently intended to put his daughter upon an equality with his two sons, to each of whom, by the fourth, fifth, sixth, seventh and eighth clauses he had spe-

cifically devised in fee a farm and certain other real estate.
To his daughter, however, he did not devise any specific real
estate in fee, but gave her only a life estate in the mansion
house, and then for her support bequeathed absolutely the sum
of $10,000 above referred to, adding by the eleventh clause
an absolute bequest of the furniture and other personal prop-
erty which might be found in the mansion house at the death
of the wife.   If there were nothing else in the will than these
provisions, her absolute ownership of this money would not be
questioned; but there are three other clauses which are sup-
posed to cut down her ownership to an estate for life, and
which will, therefore, require examination.   The twelfth
clause disposes of the residue of the testator's real estate 'not
hereinbefore specifically disposed of from and after the decease
of my said wife and which may remain after the sales neces-
sary to be made in order to raise the aforesaid sum of ten
thousand dollars,' giving a fee simple to each of his sons in a
third part thereof, and a life estate to his daughter in the re-
maining third.   The thirteenth clause deals with the reversion
of his daughter's one third, devising it to such of her children
(then unborn, for she did not marry until after her father's
death) as might survive her; or in default of children, to her
brothers in fee.

" This was a complete disposition of his estate; but his mind
continued to dwell upon the provisions he had made for his
daughter, and going back in thought to the sum of money he
had already given to her without restriction or qualification,
he used these words: 'Fourteenth. It is my wish and desire
that my said daughter shall consult fully and freely with her
brothers in relation to the investment and management of the
ten thousand dollars in money bequeathed by me to her; and
further, that she shall not consume any part of the principal
thereof, but preserve the same undiminished, and that at her
death the said principal sum shall go to the persons entitled
under this my will to the real estate herein devised to her for
life.'

" This is the language which has moved the executors to
ask for a construction of the will, and to suggest that the
whole will, taken together, gives their sister only a life estate
in the sum of ten thousand dollars, and, therefore, that they

cannot pay her the money until she offers the security required by law. It is quite clear that Dr. Heck did not wish this sum of money to go out of the family, and his desire is plainly indicated in the words just quoted; but it seems equally clear to us that he confined himself to a mere expression of his wish, and did not see fit to cut down by a positive direction the absolute interest which he had already granted. The will is evidently drawn by a lawyer; it uses technical words in their appropriate senses; and we believe its meaning (so far as concerns us now) to be sufficiently plain. The best that can be said for the fourteenth clause is that it *may* make the tenth clause doubtful; but under all the authorities since Pennock's Estate, 20 Pa. 268, this is not enough. 'An absolute gift, especially of personalty, is not to be cut down by a later clause unless the testator's intention to modify the gift is unequivocally expressed.'

"We think the question is ruled by Jauretche v. Proctor, 48 Pa. 466; Presbyterian Church v. Disbrow, 52 Pa. 219, and the later cases of Bowlby v. Thunder, 105 Pa. 173; Hopkins v. Glunt, 111 Pa. 287; Good v. Fichthorn, 144 Pa. 287; Boyle v. Boyle, 152 Pa. 108; Levy's Estate, 153 Pa. 174, and Evans v. Smith, 166 Pa. 625.

"It is ordered that a citation issue to the executors, commanding them to pay to the petitioner the sum of ten thousand dollars ($10,000), with interest from January 13, 1895, within three months from the date of this decree."

*Error assigned* was above decree.

*Edwin W. Jackson*, for appellants.—The intention of the testator has always been deemed the first great leading fundamental rule in the construction of wills. Where the intention of the will is plain it ought to control the legal operation of the words: Findlay v. Riddle, 3 Binn. 139; Fox's App., 99 Pa. 382.

The words "It is my wish and desire" are often as mandatory as "It is my will." We cite three cases in which it has been so held by this court: Fox's App., 99 Pa. 382; Oyster v. Knull, 137 Pa. 448; Taylor v. Martin, 20 W. N. C. 27.

*Casper S. Bigler* and *Frederick M. Ott*, for appellee.—The intention to cut down an absolute gift of personalty by a later clause in a will must be unequivocally expressed: Pennock's Est., 20 Pa. 268 ; Jauretche v. Proctor, 48 Pa. 466 ; Church v. Disbrow, 52 Pa. 219 ; Bowlby v. Thunder, 105 Pa. 173 , Good v. Fichthorn, 144 Pa. 287 ; Boyle v. Boyle, 152 Pa. 108 ; Burt v. Herron, 66 Pa. 400.

PER CURIAM, July 18, 1895 :
We find no error in this decree.   The will in question was rightly construed by the learned judge of the orphans' court; and, for reasons given in his opinion, the decree is affirmed and appeal dismissed with costs to be paid by appellants.