# Estate of Edward S. Whelen, deceased.  Appeal of Women's Christian Association of Philadelphia.

*Wills—Change of will by codicil—Construction of codicil.*

A codicil is to be interpreted in the light of the circumstances surrounding the testator at the time of its execution, and of the reasons which induced it, especially where they appear on its face; and the codicil will be permitted to change the will only to the extent that it is inconsistent with it.

Where a legacy is revoked by a codicil, which " in place and stead thereof " gave a specified sum to a charity, the gift to the charity is not payable immediately, but is governed as to time of payment by the direction of the will as to the time of payment of the original legacy.

Argued March 26, 1896.  Appeal, No. 219, July T., 1895, by the Women's Christian Association of Philadelphia, from decree of O. C. Phila. Co., April T., 1895, No. 116, sustaining exceptions to adjudication.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.  Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the court below by PENROSE, J., which is as follows :

A codicil is to be interpreted in the light of the circumstances surrounding the testator at the time of its execution, and of the reasons which induced it—especially when they appear on its face ; and as its purpose ordinarily is merely to modify or add to and not revoke, it is only permitted to change the will to the extent that it is inconsistent with it.  " It is the established rule," 1 Jarman on Wills, 160, " not to disturb the dispositions of the will further than is absolutely necessary for the purpose of giving effect to the codicil: " See also 2 Greenleaf Ev. sec. 681 ; Doe v. Hicks, 8 Bing. 479 ; 2 Williams on Executors, 220, etc.  In Quincy v. Rogers, 9 Cushing, 291, it was held that a codicil and will are " to be construed in reference to each other, to determine from change of circumstances or otherwise, what it is intended to alter and what to retain and confirm, the codicil changing the will so far only as is manifest . . . . And where the testator expressed in a codicil a determination to

alter his will in one particular he thereby negatives, by implication, any intention to alter it in any other respect." Our own cases of Wetter's Appeal, 20 W. N. 499; Reichard's Appeal, 116 Pa. 232, and Sheetz's Appeal, 82 Pa. 213, are decided in accordance with these principles, and very many other illustrations are found in the text-books.

In the present case, the testator,—reciting that his sons and certain of his daughters had been advanced, after giving to two of his other daughters $30,000 each, and to another, who had received $10,000, $20,000, in order that the shares of the daughters at the time of his death "may be equal," giving to them also for life the house in which he lived,—gave all the rest of his estate to his executors in trust to pay $2,000 per annum for life to a son, $1,000 per annum for life to a daughter-in-law, $1,000 per annum for life to her daughter and $3,000 per annum for life to each of three daughters and to another daughter-in-law; the entire surplus income in each year, while the estate is so held, being given to seven grandchildren, there named, in equal shares, and at the death of the survivor of the daughters and daughter-in-law, the principal to be divided among these seven grandchildren equally, subject to the annuities to the son, the other daughter-in-law and her daughter.

A codicil executed a day after the execution of the will revoked, for reasons there stated, "any legacy" to one of the residuary legatees, and "in place and stead thereof," gave $50,000 to the Women's Christian Association of Philadelphia "for the support of the Whelen Home in Bristol, . . . the capital to be safely invested in good city mortgages by the managers of the Board of the Parent Society."

If this codicil is to be understood as giving to the charity designated a legacy of $50,000 presently payable, it works a most radical change in the provisions and general scheme of the will. The principal of the estate, the whole of which after payment of legacies given to the daughters to equalize them with the other children who had been advanced, was, in the opinion of the testator, required to be held in order to properly secure beyond all contingencies the annuities of $3,000 to his daughters and daughter-in-law, as shown by the provision that it should not be divided until the death of the survivor, is at once reduced by the payment of $50,000 and a priority over the annui-

ties thus given to the legatee ; the surplus income, of which the six grandchildren who had not incurred his displeasure were each to receive one seventh, is reduced by the withdrawal of a portion of the principal exceeding one half of the amount of the pecuniary legacies to the three daughters ; and each of them is also subjected to a reduction of over $7,000 (one seventh of $50,000) from his or her ultimate share of the corpus of the residue.   And yet it is said to be a canon of construction " that a clear gift cannot be cut down by any subsequent words unless they show an equally clear intention : " Kiver v. Oldfield, 4 De G. & J. 30 ; Wetter's Appeal, 20 W. N. 499 ; Sheetz's Appeal, 82 Pa. 213.

The results are avoided if the taking effect of the bequest is postponed until the expiration of the trust for the protection of the daughters and daughter-in-law, and payment made, when the estate under the provisions of the will is to be divided among the grandchildren, out of the share of the residue originally given to the one whose participation in the distribution the codicil revokes.   The will is thus undisturbed by the codicil except as it affects the grandchild, whose action reduced it ; the legatee will be paid at the time that the superseded beneficiary would have received her share (which is ample for the purpose) had she not incurred the displeasure of the testator, and effect is given to the assertion in the codicil that the legacy is " in place and stead of " the original gift.   This, we think, under the authorities referred to, is what the testator intended.

With regard to the exceptions relating to the furniture, plate, etc., but little need be said ; for while it is not always easy to determine whether words of request or desire used by a testator are to be understood in a mandatory or in a precatory sense, it seems to be settled in Pennsylvania that when they follow an absolute gift and the benefit contemplated in favor of another is to be accomplished not by the direct " request " or " desire " of the testator, taking effect at the expiration of a prior limitation, but through the agency of the original legatee, invoked by the testator's request, the person or class in whose favor it is invoked cannot assert the existence of a trust which can be enforced by decree.   And it is significant here that while the interests of the grandchildren in the residuary estate are protected by a trust, and while the residence is devised to the

daughters expressly for life, the gift of the furniture, etc., as to which the "request" is made, is without limit or restriction in point of duration.

The exceptions with regard to the award of the furniture are overruled; the other exceptions are sustained, and the adjudication modified accordingly. The necessary decree will be prepared by counsel.

And now, to wit, this 8th day of July, 1895, this case coming on to be heard, it was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed as follows: That the exceptions filed on behalf of J. Howard Whelen, Agnes E. Whelen and Christine Whelen as to the portion of the adjudication of the auditing judge that the Women's Christian Association is entitled to the legacy of $50,000, with interest from February 14, 1895, less collateral inheritance tax, are sustained, and it is ordered and decreed that payment of said legacy be postponed until the expiration of the trust for the protection of the daughters and daughter-in-law named in testator's will, and at the expiration of that time the payment of said legacy shall be made out of and charged to the share in the residue of testator's estate originally given to his granddaughter, Isabella W. Hoffman, so far as said share is sufficient for that purpose. And the exception to the award of the auditing judge that the testator died intestate of the income and corpus as to one seventh of the residuary estate, except as herein modified, is overruled and all other exceptions to the adjudication are dismissed.

*Errors assigned* were in sustaining exceptions to adjudication.

*Ernest L. Tustin,* for appellant.—The court below erred in postponing the payment of the legacy until the death of the last surviving daughter and daughter-in-law of the testator in order not to disturb the original scheme or plan of the will: Reck's App., 78 Pa. 432 ; Baker's App., 115 Pa. 590 ; Schouler on Wills, 487 ; Postlethwaite's App., 68 Pa. 477.

The words "in place and stead thereof" do not refer to a definite marked place or position in the will, but simply mean that in lieu of the legacy given to a granddaughter under the residuary clause, he now gives a simple pecuniary legacy : 1 Jarman on Wills, 178 ; Sloan's App., 168 Pa. 422.

A will must be so construed as to avoid a partial intestacy, unless the contrary is unavoidable: Stehman v. Stehman, 1 Watts, 466; Board of Missions' App., 91 Pa. 507; Miller's App., 113 Pa. 459; Wetter's App., 20 W. N. C. 499.

*John Hampton Barnes*, for appellees, Christine Whelen, J. Howard Whelen and Agnes E. Whelen.—A court is bound to give effect to every part of a will without change or rejection, provided an effect can be given to it not inconsistent with the general effect of the whole will taken together: Quincy v. Rogers, 9 Cush. 291; Shaftesbury v. Marborough, 7 Sim. 237; Fenton v. Farington, 2 Jurist, N. S. 1120; Snow v. Foley, 119 Mass. 102; Cooper v. Day, 3 Merivale, 154; Barnes v. Hanks, 55 Vt. 317; Crowder v. Clowes, 2 Ves. Jr. 449; Buehler's App., 100 Pa. 385.

*William Drayton*, for appellee, James N. Whelen.—The plan suggested by counsel for appellant would sacrifice the annuitants and the family of testator in favor of a charity which, however deserving, was apparently only an afterthought in his mind. Courts will protest against this: Schouler on Wills, sec. 479; Downing v. Bain, 24 Ga. 372; Wood v. Mitcham, 92 N. Y. 375; Biddle's App., 99 Pa. 525; Gable's App., 40 Pa. 231.

The heirs at law will not be disinherited without clearly expressed intention: Lipman v. Lipman, 30 Pa. 180; Hitchcock v. Hitchcock, 35 Pa. 393; Dunlap's App., 116 Pa. 500; Middleswarth v. Blackmore, 74 Pa. 414.

The disposition of a will will not be disturbed by a codicil further than is absolutely necessary for the purpose of giving effect to the codicil: 1 Redfield on Wills, 362; Reichard's App., 116 Pa. 232; Leacroft v. Maynard, 1 Ves. Jr. 279; Cooper v. Day, 3 Mer. 154; Robertson v. Powell, 2 H. & C. 762.

PER CURIAM, April 6, 1896:

The questions involved in this case were fully considered and correctly decided by the court below. Nothing can be profitably added to what has been said by the learned judge in his clear, concise and satisfactory opinion, sent up with the record. On it we affirm the decree and dismiss the appeal with costs to be paid by the appellant.