## Teller's Estate.

215      263|
36 SC   652|

*Wills—Gift to wife—Condition as to making a will—Security by wife.*

Testator directed as follows: "I give, devise and bequeath all my estate of every kind whether real or personal or mixed whatsoever or wheresoever the same may be situate, unto my devoted wife, to be hers absolutely, having full confidence that she knowing my desires and purposes will by gift during her lifetime or by testamentary writing, make such disposition thereof for charitable or other uses as will be in accordance with my wishes, it being my intention hereby not in anywise to fetter my wife in the disposition of my estate but only to make expression of my confidence in her action hereunder." By a codicil he directed: "If my wife should die before she has made another will than that dated even date with this codicil to my will, then and in such case I make the additional legacies and bequests." The widow survived and executed another will than that of even date with the codicil. *Held,* that the widow was entitled to the whole estate without entering security, and that the devises and bequests in the codicil became inoperative.

Argued March 20, 1906.    Appeal, No. 15, Jan. T., 1906, by Lionel Teller Schlesinger in his own right and as Guardian of the estate of Louise Teller Schlesinger et al., from decree of O. C. Phila. Co., Oct. T., 1905, No. 208, dismissing exceptions to adjudication in Estate of Benjamin F. Teller, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.    Affirmed.

Exceptions to adjudication.

The decedent by his will dated March 12, 1904, directed as follows : " I give, devise and bequeath all my estate of every kind whether real or personal or mixed whatsoever or wheresoever the same may be situate, unto my devoted wife, Jennie Teller, to be hers absolutely, having full confidence that she knowing my desires and purposes will by gift during her lifetime or by testamentary writing, make such disposition thereof for charitable or other uses as will be in accordance with my wishes, it being my intention hereby not in any wise to fetter my wife in the disposition of my estate but only to make expression of my confidence in her action hereunder."

By a subsequent codicil to his will, after giving sundry pecuniary bequests he directed as follows : " If my wife should

die before she has made another will than that dated even date with this codicil to my will then and in such case I make the additional legacies and bequests."

The widow survived the testator and executed another will than that of even date with the codicil. The auditing judge, HANNA, P. J., awarded the whole fund to the widow without requiring her to enter security.

On exceptions PENROSE, J., filed the following opinion:

Whether the codicil disposing of the estate which the will gave to the widow of the testator in the event of her dying intestate, creates a valid executory bequest of what may remain undisposed of at her death, or whether the attempted limitation is wholly void by reason of the prior absolute gifts, is a question not to be determined until the happening of the contingency, if it should happen, for which the codicil seeks to provide. We have not the necessary parties before us; and it is a well-settled principle of jurisprudence that such questions are not to be decided in advance: Langdale v. Briggs, 8 De G., M. & G. 391; Fabian's Estate, 18 Phila. 175; Willard's Appeal, 65 Pa. 265; Hano's Estate, 8 Pa. Dist. Rep. 353, and as we have not the advisory jurisdiction of the English Court of Chancery (Morton's Estate, 201 Pa. 269), it would be a useless waste of time if we should venture to express any opinion on the subject.

We think it clear, however, that the widow cannot be called upon to enter security for the protection of such rights, if any, as may be conferred by the codicil. The will gave her the residuary estate, absolutely, coupled, it is true, with precatory words, but coupled also with an express declaration that she was not to be fettered in her disposition of the estate given. The codicil provides that if she should die before making a will different from one already made, "then and in such case" certain additional legacies and bequests should be given.

It is a canon of interpretation that a clear gift by will or codicil will not be cut down by subsequent words or codicil except to the extent which, with equal clearness, is thus indicated: Whelen's Estate, 175 Pa. 23; and here it is conceded that the widow's right to dispose of the estate, either while she lives or by will taking effect at her death, is not reduced by the cod-

icil. Upon what principle, then, can she be required to enter security; and if she can be, how is the amount to be determined? Clearly, the entry of security, at all, would interfere with the free use of the property and with her power of alienation by deed, gift or will; and the decisions with regard to a life estate in articles quae ipso usu consumuntur are entirely applicable; see Randall v. Russell, 3 Merivale, 190; Westcott v. Cady, 5 Johns. Ch. Rep. 334. Even if there had been a trust for life of the widow, with power to her to dispose of the estate by deed or will, she would, under the doctrine of Bardford v. Street, 16 Vesey, 135, have the right to demand possession; see also Forsythe v. Forsythe, 108 Pa. 129.

The exceptions to the adjudication on the ground that the award to Mrs. Teller was without requiring security are dismissed, and the adjudication confirmed absolutely.

*Error assigned* was the decree of the court.

*Lionel Teller Schlesinger*, for appellant.

*George P. Rich*, for appellee, was not heard.

PER CURIAM, May 14, 1906:
Judgment affirmed on the opinion of Judge PENROSE.