## Blumberg's Estate.

*Wills—Legacy—Absolute gift—Cutting down gift.*

A clear gift by will or codicil will not be cut down by subsequent words or codicil, except to the extent which, with equal clearness, is thus indicated.

Testator gave a legacy of $1,000 to a school "towards establishing a sinking fund, the interest of which shall be used towards liquidating any debts, or towards the proper support of said school. This bequest may be changed or modified by my executrix hereinafter named, according to circumstances and contingencies that may arise." The executrix, his wife, was given all of the residue of the estate for her life with remainder to testator's two children. *Held,* that the executrix might change or modify the application of the legacy to the school, which was absolute,

for $1,000 in cash as provided for in the will, but might not reduce the amount thereof.

Argued April 27, 1908. Appeal, No. 42, April T., 1908, by Franc R. Blumberg, executrix, from decree of O. C. Allegheny Co., Dec. T., 1906, No. 34, dismissing exceptions to adjudication in Estate of Albert Blumberg, deceased. Before RICE, P.J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*J. M. Shields*, with him *Sachs & Hirshfield*, for appellant, cited: Tyson's Est., 191 Pa. 218.

*A. Leo Weil*, of *Weil & Thorp*, for appellee, cited: Patterson's App., 1 Mona. 388; Sheetz's App., 82 Pa. 213; Hopkins v. Glunt, 111 Pa. 287; Good v. Fichthorn, 144 Pa. 287; Yost v. Ins. Co., 179 Pa. 381; Teller's Est., 215 Pa. 263; Erisman v. Directors of the Poor, 47 Pa. 509; Williams's Appeal, 73 Pa. 249, 284; Severns's Estate, 211 Pa. 68.

OPINION BY BEAVER, J., July 15, 1908:

In the will of Dr. Alfred Blumberg, a prominent practicing physician of Pittsburg, occurs the following bequest: "I give and bequeath the sum of ($1,000.00) one thousand dollars in cash to the Columbian Council School towards establishing a sinking fund, the interest of which shall be used towards liquidating any debts or towards the proper support of said school. This bequest may be changed or modified by my executrix, hereinafter named, according to circumstances and contingencies that may arise."

Other provisions of the will, indirectly affecting this bequest, are as follows: "The rest of my personal, mixed and real property, situated in the city of Pittsburg, county of Allegheny, state of Pa., or in any other part of the United States of America, I hereby devise and bequeath to my beloved wife,

Franc R. Blumberg, of the city of Pittsburg, county of Allegheny, state of Pa., to be used by her and all income advantages derived therefrom as long as she lives and remains under the title of my name, and after her decease the same to be equally divided between our two beloved children, Carrie and Leonard Blumberg, share and share alike, their heirs and assignees forever.

"I do nominate and appoint my said wife, Franc R. Blumberg executrix of my last will and testatment."

In the settlement of the estate the executrix paid to the beneficiary named in the bequest above mentioned the sum of $100, instead of $1,000, as therein bequeathed, and, upon exceptions to the distribution of the estate, under which the sum of $1,000 as bequeathed was awarded to the claimant therefor, the claim was made that the executrix had the right to reduce the amount of the legacy under the provision that "This bequest may be changed or modified by my executrix hereinafter named according to circumstances and contingencies that may arise." The court below held that the amount of the bequest—$1,000—could not be reduced by the executrix and that the precatory words "may be changed or modified by my executrix" referred to the application of the legacy "according to circumstances and contingencies that may arise."

It is significant that the testator makes no specific provision for the disposition of the bequest, in case it should be reduced. The use of the words "changed or modified" here by the testator has as much application to the uses and purposes for which the bequest is to be applied as to the amount thereof. It appears that the executrix was a director of the Columbian Council School and was familiar with its needs, and the discretionary use of the bequest would seem, therefore, to have been wisely committed to her. The court below says, in referring to the scope of the power contained in the clause "change or modify," "certainly testator could not have contemplated a change of objects, because no substitute was provided. Mrs. Blumberg was given power to change and modify, but there is no suggestion that she should have any beneficial interest as a result of the exercise of the power. The

bare implication that she would take, in the event of reduction in the amount of the legacy, is inconsistent with the well-settled rule of construction which requires equivalent phrase to reduce an antecedent gift."

In Teller's Estate, 215 Pa. 263, which was affirmed on the opinion of Judge Penrose of the orphans' court of Philadelphia county, in the opinion of the court below, it is said: "It is a canon of interpretation that a clear gift by will or codicil will not be cut down by subsequent words or codicil, except to the extent which, with equal clearness, is thus indicated: Whelen's Estate, 175 Pa. 23; and here it is conceded that the widow's right to dispose of the estate, either while she lives or by will taking effect at her death, is not reduced by the codicil."

In Hopkins v. Glunt et al., 111 Pa. 287, it was held, as stated in the syllabus: "After an unqualified devise by the testator of his property, no precatory words to his devisee can defeat the estate previously granted." In that case, Mr. Chief Justice Mercur said: "Expressions of a desire or a wish of the testator as to a specific disposition of his property, standing by themselves alone, may constitute a valid devise or bequest thereof. The rule is different when such expressions are used after an absolute disposition of the property has been made. After an unqualified devise by the testator of his property, no precatory words to his devisee can defeat the estate previously granted: Burt v. Herron, 66 Pa. 400; Bowlby v. Thunder, 105 Pa. 173;" Good v. Fichthorn, 144 Pa. 287.

In Heck's Estate, 170 Pa. 232, which was affirmed on the opinion of the judge of the orphans' court, it was said in that opinion: "The best that can be said for the fourteenth clause is that it may make the tenth clause doubtful; but under all the authorities since Pennock's Estate, 20 Pa. 268, this is not enough. 'An absolute gift, especially of personalty, is not to be cut down by a later clause, unless the testator's intention to modify the gift is unequivocally expressed.' "

Our cases to the same effect are very numerous, but there does not seem to be any variation in the rule, as laid down in the cases already cited.

We are of opinion that the construction placed upon the qualifying clause of the bequest by the court below was the correct one. The executrix may change or modify the application of the legacy, which was absolute for $1,000 in cash, as provided for in the will, but may not reduce the amount thereof.

The decree of distribution is, therefore, affirmed and the appeal dismissed, at the costs of the appellant.